UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANGELO ARVONIO

      Plaintiff

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ANGELO ARVONIO, a seaman and a ward of this

Honorable Court, by and through undersigned counsel, and sues the Defendant, ROYAL

CARIBBEN CRUISES, LTD., and further states as follows:

### GENERAL ALLEGATIONS

1.     This is a cause of action which is brought in the District Court for the Southern

District of Florida pursuant to 46 U.S. C. 30104 (commonly known as the Jones

Act), the General Maritime Law of the United States and 28 U.S.C. 1332.  There

is complete diversity.  Plaintiff is a citizen of the state of California.  This is a

maritime cause of action.

2.     Plaintiff has complied with all conditions precedent to filing this lawsuit.  Plaintiff

is filing suit at this time pursuant to a written extension of the applicable statute of

limitations to April 1, 2016.

3.     Plaintiff is a seaman and as such is entitled to prosecute this action to enforce

laws regarding his health and safety without prepayment of fees or costs pursuant

to 28 U.S.C. 1916.

4.  Defendant is upon information and belief a foreign and/or Bahamian corporation, which is licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami-Dade County, Florida making venue proper in this district.

5.  Defendant, at all times material, personally or through an agent:

a) Operated, conducted, engaged in or carried on a business venture in this state and county and had an office in this state and in Miami-Dade County, Florida located at 1050 Caribbean Way, Miami, Florida;

b) Was engaged in substantial business activity in Miami-Dade County, Florida;

c) Operated vessels in the waters of Florida and Miami-Dade County;

d) Committed one or more of the acts stated in Florida Statutes Sections 48.083, 48.181 or 48.193;

e) The acts of Defendant alleged herein and set forth in this Complaint occurred in whole or in part in Miami-Dade County, Florida.

6.  At all times material, Defendant ROYAL CARIBBEAN CRUISES, LTD.,, owned and operated a seagoing passenger vessel named OASIS OF THE SEAS

7.  At all times material Defendant ROYAL CARIBBEAN CRUISES, LTD. employed the Plaintiff as an entertainer and piano player aboard the OASIS OF THE SEAS.

### COUNT I-JONES ACT NEGLIGENCE

8.  Plaintiff reavers and realleges paragraphs 0ne through seven as if set forth herein.

9.  On or about December 21, 2011, Plaintiff was employed by Defendant as an entertainer and piano player on the OASIS OF THE SEAS. The vessel was in navigable waters.

10.  It was the duty of Defendant to provide Plaintiff with a safe place to work.

11.     On or about the aforesaid date, the Plaintiff was injured due to the fault and

negligence of the Defendant, and/or its agents, servants and/or employees, as

follows:

a.) Failure to maintain a crew gangway in a reasonably safe condition, and/or;

b.) Failure to have a non-slip or non-skid surface on a crew gangway, and/or;

c.) Washing the ship adjacent to the crew gangway and the gangway at a time

when there is high traffic on the gangway;

d.) Another crewmember washing the ship wet the gangway and did not dry it

before Plaintiff used it, and/or;

e.) Another crewmember called a "blueboy" was hosing down the ship and wet

the gangway, making it slippery, and/or;;

f.) The gangway was set at too steep and angle, and/or;

g.) Another crewmember signaled to Plaintiff that it was safe to use gangway

when it was not, and/or;

h.) Failure to properly train the crew, and/or;

12.     At all times material, Plaintiff acted with due care for his own safety.

13.     All of the foregoing allegations in Paragraph Eleven as aforesaid caused or

contributed to causing Plaintiff to be injured when he slipped an fell on a wet,

steep gangway fracturing his right wrist and tearing the rotator cuff in his

shoulder.

14.     As a result of the negligence of the Defendant as aforesaid, the Plaintiff ANGELO

ARVONIO was injured in and about his body and extremities and suffered pain,

mental and emotional distress and anguish therefrom; incurred medical expense,

suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of

earnings and loss of earning capacity, suffered an aggravation of known and

unknown pre-existing conditions, suffered a loss of enjoyment of life; suffered

scarring and disfigurement from surgery to his wrist and shoulder.  Said personal

injuries are permanent and/or continuing in nature and the Plaintiff shall continue

to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs.

Plaintiff demands a trial by jury.

## COUNT II-UNSEAWORTHINESS

15. Plaintiff  reavers and realleges paragraphs 1-7 and 11 as if set forth herein.

16. At all times material, the vessel where Plaintiff worked and on which he was injured
was owned and/or operated by Defendant.

17. Defendant owed Plaintiff an absolute, non-delegable duty to provide Plaintiff with
a seaworthy vessel.

18. On or about the previously stated date, the Defendant's vessel was unseaworthy
and such was a legal cause of loss, injury or damage to the Plaintiff by reason of
the following:

a.) The vessel was unsafe and unfit due to the conditions created by Defendant's
conduct as stated in Paragraph Eleven;

b.) The vessel was not reasonably fit for its intended purpose;

c.) The crew of the vessel was not adequately and properly trained or supervised;

19. As a result of the unseaworthiness of the Defendant's vessel OASIS OF THE
as aforesaid, the Plaintiff  was injured in and about his body and extremities and
suffered pain, mental and emotional distress and anguish therefrom; incurred
medical expense, suffered physical handicap and a loss of the ability to enjoy life;
suffered a loss of earnings and loss of earning capacity, suffered an aggravation of
known and unknown pre-existing conditions, suffered scarring and disfigurement

-4-

as a result of surgery and suffered a loss of enjoyment of life. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

### COUNT III- FAILURE TO PROVIDE MAINTENANANCE AND CURE

20.     Plaintiff reavers and realleges paragraphs 1-7 and 11.  On the aforesaid date, Plaintiff , while in the service of the vessel permanently assigned thereto as a crewmember, was injured.

21.     Defendant was aware and had actual knowledge that Plaintiff was injured aboard the vessel.

22.     Under the General Maritime Law of the United States, Plaintiff, as a seaman, is entitled to receive maintenance and cure until he is declared to have reached maximum medical improvement and/or maximum possible cure.  This is an affirmative, non-delegable obligation owed by Defendant, rare in the law, much like the obligation a parent owes to his child.

23.     Part of this duty encompasses authorizing prompt medical treatment; part of the duty encompasses paying Plaintiff maintenance, a stipend to pay for Plaintiff's food and shelter expenses; another aspect of the duty is to pay or reimburse Plaintiff for medical expenses he has incurred including medical treatment, medical transportation and medical tests.

24.     Defendant initially claimed and misrepresented to Plaintiff that Defendant was not responsible for his medical care and treatment, which is contrary to the maritime law of the United States.

25.     Plaintiff hired the undersigned attorney on June 19, 2012 and has agreed to pay

him a reasonable attorney's fee for his services herein.

26.     Plaintiff has demanded maintenance and cure benefits from defendant for payment of medical bills related to this incident but Defendant has failed to pay the bills.

27.     Defendant refuses without any legal cause to pay or provide Plaintiff with his maintenance and cure.

28.     Defendant's failure to pay or provide maintenance and cure is unreasonable, willful, arbitrary and capricious, entitling Plaintiff to attorney's fees and punitive damages.

29.     Defendant delayed providing Plaintiff with medical care which aggravated his original injuries.

30.     Plaintiff was required to hire a lawyer to obtain maintenance and cure benefits from Defendant.

WHEREFORE, Plaintiff demands judgment from Defendant for compensatory and punitive damages, pre-judgment interest and attorney's fees.

## COUNT IV-JONES ACT FAILURE TO TREAT

31.     Plaintiff reavers and realleges paragraphs 1-7 and 11 as if set forth herein.

32.     Defendant owed Plaintiff a duty to provide prompt, proper and adequate medical care to Plaintiff.

33.     Notwithstanding said duty, Defendant breached its duty by failing to provide Plaintiff with prompt, proper and adequate medical care.

34.     As a result of Defendant's failure as aforesaid, Plaintiff's original injuries were Aggravated, resulting in unnecessary pain and suffering and a prolonged recovery.

WHEREFORE, Plaintiff demands judgment from Defendant for damages.  Jury trial is

demanded.

DATED this 23rd Day of March, 2016.

> HOFFMAN LAW FIRM
> 2881 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone:  (954) 707-5040
>
>
> By:  *//s//Paul M. Hoffman*
> Paul M. Hoffman, Esq.
> Florida Bar No: 0279897